# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NICOLE S. WILSON,
              Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,
              Agency.

DOCKET NUMBER
CH-0845-16-0149-I-1

DATE: September 29, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Nicole S. Wilson, Danville, Illinois, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her retirement annuity appeal for failure to prosecute. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      On December 10, 2015, the appellant filed a Board appeal challenging the reconsideration decision by the Office of Personnel Management (OPM) that found that she received an overpayment in retirement annuity benefits under the Federal Employees' Retirement System and informed her of OPM's intent to collect the overpayment by deducting monthly installments from her annuity. Initial Appeal File (IAF), Tab 1 at 9.  In her initial appeal filing, the appellant requested a hearing.  *Id*. at 1.

¶3      On February 17, 2016, the administrative judge ordered the parties to file prehearing submissions on or before March 8, 2016, and scheduled a telephonic prehearing conference for March 15, 2016.  IAF, Tab 7 at 1-2.  The administrative judge also advised the appellant that failure to respond to the order or failure to appear for the prehearing conference could result in her appeal being dismissed for failure to prosecute.  *Id*. at 1.  The appellant did not submit any prehearing submissions, nor did she appear for the prehearing conference.  IAF, Tab 8.

¶4      On March 15, 2016, the administrative judge issued another order to reschedule the prehearing conference and noted the appellant's failure to follow

the previous order. *Id*. The administrative judge again warned the appellant that her failure to appear for the rescheduled prehearing conference would result in her appeal being dismissed for failure to prosecute. *Id*. The appellant failed to appear for the rescheduled prehearing conference. IAF, Tab 9.

¶5 On March 21, 2016, the administrative judge issued a Summary of Telephonic Status Conference noting the appellant's repeated failures to follow Board orders, despite several warnings regarding the sanction of dismissal of her appeal for failure to prosecute. *Id*. The administrative judge afforded the appellant 1 week to show cause why her appeal should not be dismissed for failure to prosecute and informed her that, absent a showing of good cause, she would dismiss the appeal for failure to prosecute on March 28, 2016, without further notice. *Id*. The appellant again failed to respond.

¶6 On April 13, 2016, the administrative judge dismissed the appeal for failure to prosecute, finding that dismissal was appropriate because the appellant failed to respond to two Board orders and a final order to show cause. IAF, Tab 10, Initial Decision.

¶7 On May 12, 2016, the appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed an opposition to the appellant's petition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8 The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); 5 C.F.R. § 1201.43(b). Such a sanction should be imposed only when a party has failed to exercise basic due diligence in complying with Board orders or when a party has exhibited negligence or bad faith in its efforts to comply. *Leseman*, 122 M.S.P.R. 139, ¶ 6. Repeated failure to respond to multiple Board orders can reflect a failure to exercise basic due diligence. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011). Absent

an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman*, 122 M.S.P.R. 139, ¶ 6.

¶9 Here, the appellant failed to appear for two scheduled conferences, failed to file prehearing submissions as ordered by the administrative judge, and did not file a response when the administrative judge informed the appellant that her appeal would be dismissed for failure to prosecute absent a showing of good cause. IAF, Tabs 8-10. The Board has upheld dismissals for failure to prosecute in similar situations. *See, e.g.*, *Leseman*, 122 M.S.P.R. 139, ¶¶ 3-4, 7 (upholding a dismissal for failure to prosecute after the appellant failed to appear at two conferences, failed to submit prehearing submissions, and failed to respond to an order to show cause). Despite three separate warnings that a failure to abide by the Board's orders would result in a dismissal for failure to prosecute, the only contact the appellant made with the Board after her initial appeal filing was the filing of the petition for review.

¶10 Moreover, the appellant's brief argument on review is limited to the merits of her retirement annuity appeal and is not determinative of the propriety of the dismissal for failure to prosecute. PFR File, Tab 1; *see Bennett v. Department of the Navy*, 1 M.S.P.R. 683, 688 (1980) (concluding that an appellant's argument regarding the merits of the underlying agency action was not determinative of the propriety of a dismissal for failure to prosecute). Finally, the appellant has not argued, and the record does not show, that the administrative judge abused her discretion in dismissing the appeal with prejudice for failure to prosecute.

¶11 Based on the foregoing, we agree with the administrative judge's finding that dismissal was an appropriate sanction, and we further find that the appellant failed to exercise basic due diligence in prosecuting her appeal. Accordingly, we affirm the initial decision's dismissal with prejudice for failure to prosecute.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.